1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN WORTHINGTON,

                Plaintiff,

     v.

ROBERT M. GATES, et al.,

               Defendants.

CASE NO. C10-5222BHS

ORDER DISMISSING CASE
WITHOUT PREJUDICE

This matter comes before the Court on Plaintiff's ("Worthington") motion for partial summary judgment (Dkt. 19), Federal Defendants'[1] cross-motion for summary judgment (Dkt. 25), Worthington's motion to amend complaint (Dkt. 51), and Worthington's motion to consolidate cases (Dkt. 44). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby dismisses this case without prejudice for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 29, 2010, Worthington moved for partial summary judgment. Dkt. 19. On January 14, 2011, Federal Defendants responded in opposition to Worthington's motion for partial summary judgment and filed a cross-motion for summary judgment. Dkt. 25. The parties have fully briefed these motions.

---

[1] The Federal Defendants include Robert M. Gates, Timothy J. Lowenberg, and Colonel Jerry Kosierowski.

ORDER - 1

On February 24, 2011, Worthington moved to consolidate this case with another case filed before this Court (C11-5143BHS). Additionally, On March 17, 2011, Worthington moved to amend his complaint. Dkt. 51. The parties have fully briefed these motions.

## II. FACTUAL BACKGROUND

This is a public records case and is brought before this Court under the Federal Administrative Procedures Act ("APA"), 5 U.S.C. § 701. The issues presented in this case are purely legal. Specifically, Worthington challenges the authority of the National Guard Bureau ("NGB") to regulate records requests regarding Army National Guard activities carried out under a duty status under Title 32, U.S.C. for use in third-party litigation. *See generally* Complaint.

Between December 2007 and May 2008, Worthington requested records from the Washington Military Department ("WAMIL") pursuant to RCW 42.56 (Washington's Public Records Act, the "PRA"). The specific records requested related to the Washington National Guard's ("WNG") counter-drug activities. These requests were denied, and Worthington was informed that, to obtain these records, he would need to request the records pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 ("FOIA"). Complaint ¶¶ 3.5-3.6.

In response to being denied the requested records, Worthington filed suit to enforce the PRA against WAMIL in state court. In that action Worthington noticed the deposition of Federal Defendant Kosierowski. Complaint ¶¶ 3.7-3.8. The NGB objected to Kosierowski's deposition on the basis that he could not provide "official information" unless and until a request was made and granted pursuant to 32 C.F.R. § 516.41(d) and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). *See also* Administrative Record (letter dated September 14, 2009).

On September 22, 2009, Worthington made the *Touhy* request for Kosierowski's testimony. The NGB granted this request. Within the grant of that request, the NGB informed Worthington that authorizing Kosierowski's deposition did not authorize Kosierowski to bring or provide records of official information to Worthington. *See* Administrative Record (letter dated March 17, 2010, noting that Worthington's *Touhy* request sought only the deposition of Kosierowski, not records). Worthington admits that he never made a *Touhy* request to the NGB for records. Dkt. 51 at 3-4 (conceding fact); *see also generally* Complaint.

### III. DISCUSSION

**A.      Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.    Federal Defendants' Cross-Motion for Summary Judgment**

As a threshold matter, "[o]nly final agency decisions are subject to review under the APA." *See Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 732 (1998). "To obtain judicial review under the APA, [plaintiffs] must challenge a final agency action." *See, e.g., Oregon Natural Desert Ass'n v. U.S. Forrest Service*, 465 F.3d 977, 982 (9th Cir. 2006) (citing 5 U.S.C. § 704).  "For an agency action to be final, the action must (1) 'mark the consummation of the agency's decision making process,' and (2) 'be one by which rights or obligations have been determined, or from which legal consequences will flow.'" *Id*. Under the APA, "[t]he core question is whether the agency has completed its decision making process, and whether the result of that process is one that will directly affect the parties." *Id*. In other words, "final agency action" is a jurisdictional prerequisite to filing a claim in federal district court under the APA.

Federal Defendants argue that the Court should grant summary judgment in this case on the basis that, as a threshold matter, Worthington's complaint is not ripe for consideration as it does not present a case in controversy. Dkt. 25. To survive Federal

Defendants' argument on this issue, Worthington must demonstrate that the NGB made a

final agency decision that is adverse to Worthington's records request from which his

APA claim can flow against Federal Defedants. *See Sierra Club*, 523 U.S. at 732.[2]

Significantly, however, Worthington readily admits that he "has not asked the

'Federal' Defendants for records because the records at issue belong to the State of

Washington, not the NGB. Worthington has not asked for the records under the FOIA

because he has a superior right to access such records under the PRA." Dkt. 51 at 3-4.

This concession by Worthington forecloses his claims against Federal Defendants.

Worthington is asking this Court to find subject matter jurisdiction over his claims

against Federal Defendants on the basis that WAMIL's refusal to supply records under

the PRA somehow constitutes Federal Defendants' final decision as to whether he may

obtain the counter-drug records at issue. However, Worthington's position is logically

flawed. Federal Defendants could not have made a formal decision to deny Worthington's

access to records that he never requested them to produce; thus, it follows that no final

agency decision by Federal Defendants ever occurred with respect to these records.

As framed, this is not the case to determine whether Worthington should be able to

obtain the records at issue under the PRA as opposed to the FOIA (i.e., by making a

*Touhy* request) because there is not yet a case in controversy as between Worthington and

Federal Defendants. Absent an adverse formal, final decision by Federal Defendants

regarding the records at issue, Worthington's case against Federal Defendants is not ripe

for review.

---

[2]It is undisputed that Federal Defendants granted Worthington's *Touhy* request for taking
the deposition of Kosierowski. While this may be considered a final agency action, it cannot
present a controversy because Worthington obtained what he requested. To the extent
Worthington bases his complaint on this issue, such claims are dismissed for failure to establish
any injury for which relief could be granted. *See, e.g.,* 5 U.S.C. §§ 702, 704; *Public Citizen v.
Office of the United States Trade Representative*, 970 F.2d 916, 918 (D.C. Cir. 1992 (requiring
the final agency action to be adverse).

To the extent any claims remain regarding the applicability or nonapplicability of the PRA to Worthington's records requests, those issues would involve only state law claims. Indeed, the only decision to deny access to records has come by way of a denial in response to a PRA request made by Worthington to WAMIL. *See, e.g.*, Dkt. 51 at 3-4. The question of whether the FOIA trumps the PRA (or vice versa) in a "Title 32 duty status national guard records request case" is not properly before the Court.

Therefore, based on the foregoing, the Court grants summary judgment in favor of Federal Defendants on this issue and dismisses Worthington's case as against all parties for all claims. Given the foregoing, the Court need not reach the merits of this case.

**C.     Worthington's Motion to Amend Complaint**

Worthington moves to amend his complaint under Fed. R. Civ. P. 15. However, while Worthington's amendment would include an allegation that a final agency decision was made, no new facts are added to support this allegation. *Compare* Complaint *with* Proposed Amended Complaint.

Further, because Worthington's proposed amended complaint does nothing to alter the foregoing analysis with respect to justiciability and admittedly provides nothing new and only seeks to clarify the allegations made in the original complaint, the Court denies the motion to amend as granting the motion would be futile. *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983). *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) ("It is not an abuse of discretion to refuse a request to amend when the proffered amendment merely restates the same facts using different language or reasserts a claim previously determined.")

**D.    Worthington's Motion to Consolidate**

Pursuant to Fed. R. Civ. P. 42, Worthington moves the Court to consolidate a newly-filed case, *Washington State Military Dep't v. Worthington*, No. C11-5143BHS, into this case. Dkt. 44.  Therein, Worthington asserts the following:

> Both this case and the new Washington State Military Department case are based on the same requests for records by Worthington from the . . . WAMIL . . . under the [PRA] . . . . In this case, defendants Gregoire and McKenna have moved for partial summary judgment that the Freedom of Information Act, 5 USC § 552 ("FOIA") preempts the PRA. That motion is noted for March 11, 2011, along with motions by Worthington and defendant Gates on other related issues.
> \*\*\*
> On or about February 18, 2011, WAMIL filed its Complaint in the new Washington State Military Department case. Like the pending motion and counterclaim in this case, WAMIL seeks, inter alia, a declaratory judgment that FOIA preempts the PRA. Worthington filed a notice of appearance in the new case on February 24, 2011.

Dkt. 44. Although, on January 14, 2011, Gregoire and McKenna ("State Defendants") moved for partial summary judgment (Dkt. 27), they later withdrew the motion (Dkt. 47). Therefore, to the extent Worthington's motion to consolidate is based on State Defendants' motion for partial summary judgment, it is denied.

Because the Court dismisses herein Worthington's claims against all Defendants, there is no longer an arguable benefit to consolidating the newly filed case with this case. Therefore, the Court denies the motion to consolidate.

## IV. ORDER

Therefore, it is hereby **ORDERED** as follows:

(1)    Worthington's motion for partial summary judgment (Dkt. 19) is **DENIED**;

(2)    Federal Defendants' motion for summary judgment (Dkt. 25) is **GRANTED**;

(3)    Worthington's motion to amend complaint (Dkt. 51) is **DENIED**;

(4)    Worthington's motion to consolidate (Dkt. 44) is **DENIED**; and

(5)     This case is **DISMISSED without prejudice**.

DATED this 15th day of April, 2011.


_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 8